**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| JAMES JOHNSON,<br><br>Plaintiff,<br>v.<br><br>Rausch, Sturm, Israel, Enerson & Hornik, LLC; and Does 1-10, inclusive,<br><br>Defendant. | Civil Action No.: ______<br><br>**COMPLAINT** |

For this Complaint, the Plaintiff, JAMES JOHNSON, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the harassment of Plaintiff by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in the U.S. District Court for the District of Nevada pursuant to 28 U.S.C. § 1391(b), as Defendant transacts business in the State of Nevada.

## PARTIES

4. The Plaintiff, JAMES JOHNSON ("Plaintiff"), is an adult individual

residing in Las Vegas, Nevada, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Rausch, Sturm, Israel, Enerson & Hornik, LLC ("RAUSCH"), is doing business in the State of Nevada as a business entity operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by RAUSCH and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. RAUSCH at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. Plaintiff has never incurred a financial obligation or otherwise done business with Creditor Sterling Jewelers DBA Kay Jewelers (the "Creditor").

9. However, Creditor has alleged that Plaintiff has incurred a financial obligation (the "Debt") to Creditor.

10. The purported Debt arose from products purchased from the Creditor which were primarily for family, personal or household purposes and which meets

the definition of a "debt" under 15 U.S.C. § 1692a(5).

11. The Debt was purchased, assigned or transferred to RAUSCH for collection, or RAUSCH was employed by the Creditor to collect the Debt.

12. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B. <u>RAUSCH Engages in Harassment and Abusive Tactics</u>**

**FACTS**

13. RAUSCH sent dunning letters to Plaintiff attempting to collect the Debt.

14. In April 2012 Plaintiff called RAUSCH and spoke to Shelley Lanzkowsky ("Lanzkowsky"), an employee of RAUSCH.

15. Plaintiff explained to Lanzkowsky that he does not owe Creditor or RAUSCH any money.

16. Plaintiff gave Lanzkowsky his social security number, and Lanzkowsky stated that the social security number in her file did not match the number provided by Plaintiff.

17. In an attempt to bully Plaintiff into paying the Debt, RAUSCH deliberately ignored Plaintiff's insistence that he was not responsible for the Debt and continued to send collection letters to Plaintiff even after confirming that Plaintiff's social security information did not match the information in Defendant's

filed regarding the proper Debtor on the Debt.

18. On May 15, 2012 RAUSCH filed a complaint against Plaintiff in Henderson Justice Court, Clark County Nevada, Case #12CH2113.

19. Despite having prior knowledge that Plaintiff was not liable for the Debt RAUSCH has used this lawsuit to intimidate and harass the Plaintiff into paying the Debt.

**C. <u>Plaintiff Suffered Actual Damages</u>**

20. The Plaintiff has suffered and continues to suffer actual damages as a result of RAUSCH's unlawful conduct.

21. As a direct consequence of RAUSCH's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

22. Plaintiff suffers from coronary disease and hypertension.

23. Defendant's callous attitude and unrelenting attempts to force plaintiff to pay the Debt (which he does not owe) have placed serious pressure on his already fragile health.

**D. <u>Respondeat Superior Liability</u>**

24. The acts and omissions of RAUSCH, and the other debt collectors employed as agents by RAUSCH who communicated with Plaintiff as more further

described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant RAUSCH.

25. The acts and omissions by RAUSCH and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by RAUSCH in collecting consumer debts.

26. By committing these acts and omissions against Plaintiff, RAUSCH and these other debt collectors were motivated to benefit their principal, Defendant RAUSCH.

27. RAUSCH is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA and Nevada tort law, in their attempts to collect a debt from Plaintiff.

## COUNT I
## VIOLATIONS OF THE FDCPA - 15 U.S.C. § 1692, et seq.

28. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

29. The Defendant's conduct violated 15 U.S.C. § 1692d in that Defendant engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

30. The Defendant's conduct violated 15 U.S.C. § 1692e in that Defendant engaged in false, deceptive or misleading behavior in connection with the collection of a debt by insisting that Plaintiff should pay a debt he was not responsible for.

31. The Defendant's conduct violated 15 U.S.C. § 1692e(2) in that Defendant misrepresented whether the Debt owed by Plaintiff and attempted to have Plaintiff pay a debt that was not owed

32. The Defendant's conduct violated 15 U.S.C. § 1692e(10) in that Defendant employed the false representation that a debt was owed when it was not to collect a debt.

33. The Defendant's conduct violated 15 U.S.C. § 1692f in that Defendant used unfair and unconscionable means to collect a debt by alleging that a debt was owed when it was not.

34. The Defendant's conduct violated 15 U.S.C. § 1692f (1) in that Defendant attempted to collect from the Plaintiff an amount not authorized by either contract or law.

35. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

36. The Plaintiff is entitled to damages as a result of Defendants'

violations.

37. The Plaintiff has been required to retain the undersigned as counsel to protect his legal rights to prosecute this cause of action, and is therefore entitled to an award or reasonable attorneys' fees plus costs incurred.

**PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants awarding the Plaintiff:

1. for actual damages including, but not limited to, the emotional distress the Plaintiff has suffered (and continues to suffer) as a result of the intentional, reckless, and/or negligent FDCPA violations pursuant to 15 U.S.C. § 1692k(a)(1) and the harassment of the Plaintiff;
2. for statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);
3. for punitive damages; and
4. for any other and further relief that the Court may deem just and proper.

...

...

...

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: February 22, 2013

Respectfully submitted,

By /s/ David Krieger, Esq.

David Krieger, Esq.
Nevada Bar No. 9086
HAINES & KRIEGER, LLC
5041 N. Rainbow Blvd.
Las Vegas, Nevada 89130
Phone: (702) 880-5554
FAX: (702) 967-6665
Email:
dkrieger@hainesandkrieger.com

Attorney for Plaintiff
*JAMES JOHNSON*